IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNY R. ODEM, Jr. #1703386 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv268 |
| LONNIE E. TOWNSEND, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Benny R. Odem, Jr., an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. (Dkt. #1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. #2.)

On August 31, 2022, the Court observed that Plaintiff's original complaint exceeded the applicable page limit and had other deficiencies that must be cured before the case could proceed. Accordingly, the Court gave him thirty days to file an amended complaint. (Dkt. #8.) Plaintiff filed an amended complaint that did not comply with the Court's instructions, so the Court on December 2, 2022, gave Plaintiff an additional thirty days to file a second amended complaint "that complies with the Court's page limit, the applicable rules concerning joinder of claims and parties, and the Court's previous Order to amend." (Dkt. #25 at 3.) On December 29, 2022, Plaintiff sought an additional thirty days to file his second amended complaint, which the Court granted on January 5, 2023, making his amended pleading due on Monday, February 6, 2023. (Dkt. ##27, 28.)

Plaintiff has not filed a second amended complaint as ordered. Instead, he has submitted a filing expressly stating that he "will not be amending this complaint any further at this stage of this proceeding" and insisting that his first amended complaint, comprising 67 pages of allegations against 18 defendants, plus 37 pages of attachments to his original complaint, be collectively deemed to be his operative pleading. (Dkt. #29-1 at 5; Dkt. #29 at 2; Dkt. #1-1.) The "exhibits" upon which Plaintiff relies to state his case include his own 38-page "declaration" in support of his claims, in addition to his 29-page form amended complaint. (Dkt. ## 21, 21-1.) This is effectively a pleading in support of a pleading, for a total 57-page pleading, to which Plaintiff would add exhibits that he did not even attach to his amended complaint. But, as the Court previously explained, parties may not evade the Court's page limitations in this manner. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (refusing to consider "incorporation of arguments from other pleadings would lengthen a brief already at the 50–page limit"); *Perry v. Director, TDCJ*, Case No. 6:16-cv-1108, 2017 WL 3634189, at *2 (E.D. Tex. May 12, 2017) (litigant "cannot evade the Court's page limit restrictions by incorporating by reference arguments in other pleadings"), *report and recommendation adopted*, 2017 WL 3623045 (E.D. Tex. Aug. 22,2017).

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as

fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with the Court's order and its rule regarding page limits is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with the orders and rules of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 20th day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3